**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **DURR SYSTEMS, INC.,** | * |
|     Plaintiff, | * |
| v. | *     Case No.: GJH-18-2597 |
| **EFC SYSTEMS, INC.,** | * |
|     Defendant. | * |

**MEMORANDUM OPINION**

In this patent infringement case, Defendant/Counter-Plaintiff EFC Systems, Inc. asserts five counterclaims against Plaintiff/Counter-Defendant Durr Systems, Inc. ECF No. 20. Pending before the Court is Durr Systems, Inc.'s Motion to Dismiss Counts III, IV, and V of EFC's Amended Counterclaims, which assert violations of the Lanham Act, 15 U.S.C. § 1125 (Count III), unfair trade practices in violation of Maryland Commercial Code §§ 13-301, *et seq.* (2017) (Count IV), and tortious interference with business expectancy in violation of Maryland common law (Count V). ECF No. 25. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Durr Systems, Inc's partial Motion to Dismiss is granted.

**I.    BACKGROUND[1]**

Durr Systems, Inc. (Durr) is a United States subsidiary of the German parent company, Dürr AG. ECF No. 20 ¶ 10. Dürr Systems AG is a German subsidiary of the same parent

---

[1] These facts are taken from EFC's Amended Counterclaims and the documents attached and integral to those counterclaims. They are presumed to be true.

1

company. *See* ECF No. 20-2.[2] Neither Dürr AG, the parent company, nor Dürr Systems AG, the German subsidiary, are parties to this case. ECF No. 20 ¶¶ 1–2.

Dürr AG, the non-party parent company, manufactures robotic paint systems for the automotive and industrial paint industries. ECF No. 20 ¶ 10. Automatic and industrial paint application is accomplished by using rotary atomization paint systems that utilize a "bell cup," which attaches to the end of a turbine and rotates at high speed. *Id.* ¶ 7. Paint is injected into the center of the bell cup from the rear, and the bell cup's rotation moves paint to the edge of the cup by centrifugal force, resulting in atomization of the paint into small droplets. *Id.* Durr, the United States subsidiary that is a party to this case, markets and sells its parent company's robotic paint systems and components (i.e., turbines and bell cups) in the United States to automobile manufacturers. *Id.* ¶ 9. Durr and Dürr AG sell bell cups under the name Ecobell3. *See id.* ¶ 47; ECF No. 20-2 at 4.

EFC Systems, Inc. (EFC) is an alternative source for industrial paint equipment. *Id.* ¶ 11. EFC does not manufacture or sell robotic arms, robotic control systems, or similar equipment but specializes in the design, construction, and manufacture of turbines and bell cups, as well as other critical parts for industrial paint equipment, such as color changers and fluid valves. *Id.* ¶ 12.

EFC alleges that Frank Herre, a Senior Manager for Process Development at Dürr Systems AG—the German subsidiary—made a presentation on February 8, 2018 to automobile manufacturer Jaguar Landrover (JLR) in which he indicated that certain EFC turbines infringed on patents for the EcoBell3 turbine. *Id.* ¶ 45; ECF No. 20-2 at 2, 12. The last page of the presentation materials includes Mr. Herre's contact information:

---

[2] *See also* ECF No. 25-3.

> Frank Herre, Senior Manager Process Development
>
> Address: DÜRR Systems AG
> Carl-Benz Straße 34
> 74321 Bietigheim-Bissingen
>
> Tel.: +49 (0) 7142- 78-2256
> E-mail: Frank.herre@durr.com
> Web: www.durr.com

*Id.* at 11.[3] Every page of the presentation lists Dürr Systems AG as the copyright holder of the presentation. *Id.* at 2–11.

The presentation was made in response to a complaint lodged by JLR about the high cost of spare parts for turbines and certain vibration issues "of the DURR turbines on the EFC test stand." ECF No. 20 ¶ 47; ECF No. 20-2 at 4. JLR is both an EFC, Durr, and Dürr Systems AG customer, utilizing certain robotic paint systems in its automobile assembly lines. ECF No. 20 ¶ 48; ECF No. 20-2. In connection with those paint robots, JLR utilizes turbines and bell cups purchased from both Durr and EFC. ECF No. 20 ¶ 48.

In the presentation's discussion of EFC's competing turbine, Mr. Herre referred to the EFC turbine as a "clone" of the "EcoBell3 turbine," indicating that it infringed on the patent. *Id.* The EFC turbine pictured in the presentation is EFC part number 34-1A00. *Id.* ¶ 49. In November of 2017, Durr's counsel and EFC's representatives communicated regarding EFC 34-1A00 parts being sold by EFC to JLR. *Id.* More specifically, through those discussions, Durr's counsel admitted that the EFC 34-1A00 parts being sold to JLR did not infringe Durr's patents due to certain distinctions between the EFC and Durr designs. *Id.*

In this context, EFC alleges that Mr. Herre's statements to JLR approximately three months later were knowingly false. *Id.* ¶ 50. EFC further alleges that "those statements were

---

[3] "49" is the country dialing code for Germany.

3

made with intent to cause harm to EFC" and that they have caused reputational harm to EFC. *Id.* ¶ 51. Since Mr. Herre's presentation, JLR has not purchased any more of the turbines mentioned in the presentation from EFC. *Id.*

In a separate incident at an unknown time, a Durr representative met with an automobile manufacturer who had previously purchased and installed robotic paint equipment sold by Durr. *Id.* ¶ 56. The customer was at the time considering the purchase of EFC bell cups to be used in place of Durr's bell cups on the Durr robotic paint equipment. *Id.* ¶ 57. When the Durr representative learned that the customer was considering switching to EFC bell cups, the Durr representative told the customer that they could not purchase EFC's bell cups due to a patent infringement issue. *Id.* EFC experienced economic and reputational harm as a result of this and other similar incidents. *Id.* ¶ 58.

## II.     STANDARD OF REVIEW

Plaintiff/Counter-Defendant Durr moves to dismiss Defendant/Counter-Plaintiff EFC's Amended Counterclaims, asserting that the allegations fail to state a claim upon which relief can be granted. When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435. 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss invoking Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662. 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544. 570 (2007)).

The factual allegations must be more than "labels and conclusion . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)). In reviewing a motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and attachments that are integral to the complaint without converting the motion into one for summary judgment. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III. DISCUSSION

Statements related to a party's patent rights are "conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999); *see also Hunter Douglas, Inc. v. Harmonic Design*, Inc., 153 F.3d 1318, 1336 (Fed. Cir. 1998). Therefore, when a party alleges Lanham Act, unfair trade practices, or tortious interference with business claims that arise in the context of a patentee potentially exercising its privilege to notify the public of their patent rights, the claimant must allege facts demonstrating that the patentee acted in bad faith to sufficiently plead its claims. *See Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1320 (Fed. Cir. 2006) (noting that "bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element" of the claim). To sufficiently allege bad faith, a claimant must allege that

5

(1) the patentholder's infringement claim was objectively baseless, and (2) the patentholder asserted infringement with subjective bad faith. *See Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004).

Here, EFC fails to plead factual allegations that plausibly support the conclusion that Durr acted in bad faith as it asserted patent infringement. First, the Court cannot draw a reasonable inference that Durr is liable for Mr. Herre's conduct. When Mr. Herre told JLR that an EFC product was a "clone" of a Durr product, constituting "patent infringement," he did so on Dürr Systems AG's behalf. ECF No. 20-2 at 2–11. Dürr Systems AG is not a party to this case, and although EFC alleges in conclusory fashion that Mr. Herre was representing Durr (the Counter-Defendant here), ECF No. 20 ¶ 45, the presentation materials that EFC attached to and incorporated in their Amended Counterclaims, *id.* ¶ 46, conclusively establish that Mr. Herre presented to JLR on Dürr Systems AG's behalf. Every page of the presentation lists Dürr Systems AG as the copyright holder for the presentation, ECF No. 20-2 at 2–11, and the last page provides Mr. Herre's contact information, identifying Mr. Herre as a Senior Manager for Process Development at Dürr Systems AG, the German subsidiary for Dürr AG, *id.* at 11. Mr. Herre's contact information includes the address for Dürr Systems AG in Germany as well as a German phone number. *Id.* EFC has not alleged any facts that allow the Court to conclude that Mr. Herre was also acting as an agent for Durr—a distinct entity and the only party to this suit. *See* ECF No. 20.

EFC attaches exhibits to its Opposition that indicate that Mr. Herre is an inventor on multiple patent applications for rotary paint atomization systems, ECF Nos. 28-1 & 28-2, and that Mr. Herre assigned his rights directly to Durr, ECF Nos. 28-3 & 28-4. EFC therefore argues that it is reasonable for the Court to infer that Mr. Herre is an employee of Durr and Dürr

Systems AG and made his presentation to JLR on Durr's behalf. However, EFC does not include these allegations in its Amended Counterclaims and these documents were not attached to or incorporated in their amended allegations. *See* ECF No. 20. A party cannot amend a complaint through statements made in an opposition to a motion to dismiss. *see Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n. 4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (unpublished table opinion). Additionally, even if EFC had alleged that Mr. Herre was an employee for both subsidiaries, the presentation slides make clear that he was presenting on Dürr Systems AG's behalf. ECF No. 20-2. Although EFC has alleged in conclusory fashion that Mr. Herre was communicating on Durr's behalf, it has not alleged facts that support a conclusion inconsistent with the presentation materials. To the extent that EFC's conclusory allegations contradict the facts in the presentation materials, "crediting the document over conflicting allegations in the complaint is proper" because EFC incorporated the presentation materials in its Amended Counterclaims. *Goines v. Valley Cmty. Servs.*, 822 F.3d 159, 167 (4th Cir. 2016).

EFC's argument that the presentation was prepared in English and included the Dürr AG logo and website does not transform the speculative assertion that Mr. Herre was serving as an agent for Durr into a plausible allegation. What can be inferred from the fact that the presentation was given in English is little more than that the presentation's audience, a British based company, speaks English. The presentation's language tells the Court nothing about what entity Mr. Herre was representing. Similarly, the use of a shared logo only corroborates that the subsidiaries share a parent company. Taken together, the allegations about the JLR meeting are irrelevant to EFC's claims about Durr's conduct.

Thus, although EFC alleges that three months prior to the JLR meeting, Durr's counsel confirmed to EFC's representatives that the EFC 34-1A00 parts being sold to JLR did not

7

infringe on Durr's patents, EFC fails to allege that after this meeting Durr or its representatives made any false or misleading statements to the contrary. Beyond Mr. Herre's statements, which are not attributable to Durr, EFC's more general allegations about a separate incident at an unknown time are not sufficient to state a claim. For example, it is not clear from the allegations whether the Durr representative who allegedly told an automobile manufacturer that the customer could not purchase EFC's bell cups because of a patent infringement issue did so before or after Durr and EFC conferred about the EFC 34-1A00 parts. It is further not clear whether the same EFC 34-1A00 parts discussed at the November 2017 meeting were the parts at issue in the incident that occurred at an unknown time and involved an unknown Durr representative and an unknown automobile manufacturer. Because the factual allegations about the incident involving a Durr representative are so unspecific, the Court cannot conclude from the pleadings that Durr was improperly asserting patent rights where none existed. Further, the Court certainly cannot conclude from the limited allegations, that the Durr representative was asserting patent infringement improperly and doing so with subjective bad faith. EFC has therefore failed to allege facts from which the Court can reasonably infer the two elements of bad faith—(1) that Durr's infringement claim was objectively baseless, and (2) that Durr asserted infringement with subjective bad faith. *See Globetrotter Software, Inc.*, 362 F.3d at 1375.

In sum, EFC has failed to support its Lanham Act, unfair trade practices, and tortious interference claims with sufficient factual allegations. As a result, Counts III, IV, and V of EFC's Amended Counterclaims will be dismissed.[4]

---

[4] Although Durr requests that EFC's counterclaims be dismissed with prejudice, the Court is not convinced that further amendments would be futile and does not find a dismissal with prejudice to be appropriate at this time.

## IV. CONCLUSION

For the foregoing reasons, Durr's partial Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>August 5, 2019</u>                                              /s/_____
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge