**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| DURR SYSTEMS, INC., | | |
| | * | |
|    **Plaintiff,** | | |
| v. | * | **Case No.: GJH-18-2597** |
| | | |
| EFC SYSTEMS, INC., | * | |
| | | |
|    **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Durr Systems, Inc. ("Durr") brings this patent infringement action against Defendant EFC Systems, Inc. ("EFC"). ECF No. 60. Pending before the Court is Durr's Motion to Strike Defendant EFC Systems, Inc.'s Supplemental Invalidity Contentions of May 27, 2022 and Strike Expert Testimony That Was Not Disclosed in EFC's June 2019 Invalidity Contentions (the "Motion"). ECF No. 146. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion is denied.

## I.    BACKGROUND

### A.  Factual Background

Plaintiff Durr is a U.S. subsidiary of Dürr AG, a German company that produces robotic paint systems and bell cups for automotive and industrial paint facilities. ECF No. 67 ¶ 10. Defendant EFC is an alternative source for industrial paint equipment. ECF No. 66 at 30.[1] In this action, Durr alleges that EFC's manufacture and sale of certain bell cups infringes on its patents. ECF No. 60.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Relevant to the dispute at issue here, on March 1, 2019, the Court granted the parties' initial Joint Proposed Scheduling Order, which has subsequently been modified at the request of the parties. ECF 30. On June 6, 2019, EFC submitted its initial validity contentions as part of the patent litigation process. *See* ECF No. 146-1 at 7. On November 8, 2021, the Court entered its Claim Construction Order resolving the meaning and scope of the patent claims asserted to be infringed. ECF No. 129.[2]

On November 22, 2021, the Court granted the parties' Joint Proposed Order Regarding Deadlines in the Scheduling Order, which extended the deadlines for fact discovery and expert discovery, respectively, in light of the Claim Construction Order. ECF No. 134. The Scheduling Order also provided that "[g]ood faith exists to extend the schedule as proposed, for example, to permit the parties to supplement previous infringement or invalidity contentions necessitated by the Claim Construction Order." *Id.* at 1. On February 7, 2022, fact discovery closed, pursuant to the Scheduling Order. ECF No. 140 at 2. On May 27, 2022, EFC filed its supplemental invalidity contentions. ECF No. 146-1 at 8.

Pending before the Court is Durr's Motion. ECF No. 146. EFC has responded opposing the Motion, ECF No. 154, and Durr has replied.[3] ECF No. 161.

## II.    DISCUSSION

Durr argues that EFC's supplemental invalidity contentions should be stricken because they were filed well after the parties' agreed upon deadline and because they present "over two dozen new invalidity theories." ECF No. 146-1 at 4. Additionally, Durr asserts that expert

---

[2] On September 30, 2022, the Claim Construction Order was further clarified by the Court. ECF No. 164.

[3] Additionally, the following motions shall be granted: Durr's Motion to Withdraw as Attorney, ECF No. 139, Durr's Motion to Seal, ECF No. 150, EFC's Motion to Seal, ECF No. 153, and Durr's Motion to Seal, ECF No. 162.

testimony pertaining to issues not disclosed in EFC's initial June 2019 invalidity contentions should also be stricken. *Id.* at 22.

EFC alleges that the supplemental contentions were reasonably timely and filed in compliance with the parties' preexisting scheduling agreement. ECF No. 154 at 5–6. Thus, both the supplemental invalidity contentions and any expert testimony relying on those contentions should be permitted to stand. *Id.* at 23.

### A.  Scheduling Order

Local rules in this Court, as in many district courts, oblige parties asserting claims of patent infringement to submit infringement contentions early in litigation, while parties defending against claims of patent infringement on the basis of invalidity must submit invalidity contentions. *See* Loc. R. 804.1(a) (requiring initial infringement contentions within 30 days of scheduling order); Loc. R. 804.1(c) (requiring initial invalidity contentions within 60 days of scheduling order). Such rules "force patent litigants 'to pin down' their theories of infringement and invalidity early enough to permit adequate preparation for trial." *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, 112 F. Supp. 3d 330, 332 (D. Md. 2015) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). While these rules are not intended to "shackle a defendant to its initial validity contentions by preventing all future modifications of those theories," *id.* at 333, they do demand that parties "crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction," *O2 Micro*, 467 F.3d at 1364 (citation and internal quotations marks omitted).

With respect to amending initial contentions, the local rules provide that a party may supplement its infringement or invalidity contentions "upon written consent of all parties or, for good cause shown, upon leave of the Court." Loc. R. 804.6. In doing so, the local rules seek to

"balance the right to develop new information in discovery with the need for certainty as to legal theories." *Paice LLC v. Hyundai Motor Co.*, No. CIV. WDQ-12-0499, 2014 WL 3725652, at *3 (D. Md. July 24, 2014) (quoting *O2 Micro*, 467 F.3d at 1366).

Here, Durr moves to strike both EFC's supplemental invalidity contentions and any related expert testimony. ECF No. 146-1. Durr argues that the parties agreed that EFC would submit any amended invalidity contentions, based exclusively on changes necessitated by the Court's Claim Construction Order, by the middle of February 2022. *Id.* at 7–8. EFC counters that no specific date was set by the parties and that the parties agreed orally and in writing to broad supplementation of their respective contentions within a "reasonable" timeframe. ECF No. 154 at 7. As such, EFC argues that the supplemental invalidity contentions—subsequently submitted in May 2022—are valid.

In resolving this conflict, the Court will first look to the nature of the agreement set forth by the parties in the November 2021 Scheduling Order. As noted previously, Court entered its Claim Construction Order on November 8, 2021. ECF No. 129. The parties then submitted a Joint Proposed Order Regarding Deadlines in the Scheduling Order on November 22, 2021, which the Court approved the same day. ECF No. 134. The amended Scheduling Order updated a series of deadlines for fact discovery, advice of counsel disclosure, and expert discovery. *Id.* 2 at 2. In addition to setting forth specific deadlines in a chart, the Scheduling Order separately noted that "[g]ood faith exists to extend the schedule as proposed, for example, to permit the parties to supplement previous infringement and/or invalidity contentions necessitated by the Claim Construction Order." *Id.* at 1. Critically, no set deadline was provided in the chart or elsewhere in the amended Scheduling Order, with respect to the submission of final infringement or invalidity contentions.

As such, the amended Scheduling Order—crafted by the parties and jointly presented to the Court—does not appear to establish clear parameters for the submission of amended contentions, posing what seems like a potentially avoidable conflict. As the U.S. Court of Federal Claims has recently instructed: "[I]n addition to deadlines for serving initial contentions, a patent case schedule should contemplate agreement on final contention deadlines after the claim construction order so both parties have opportunity to incorporate final claim constructions within their contentions, and thereafter conduct discovery based on the amended contentions." *CellCast Techs., LLC v. United States*, 152 Fed. Cl. 414, 434 (2021).

Looking outside the four corners of the November 2021 Scheduling Order, the parties have also submitted several email exchanges that they believe clarify their respective positions. EFC points to a November 12, 2021, email exchange between its attorneys and Durr's representatives, discussing the proposed Scheduling Order before it was drafted and submitted to the Court. ECF No. 154 at 7; *see* ECF No. 154-3. EFC reports that the parties met-and-conferred by videoconference and that EFC followed up with an email summarizing the discussion. The email states, in relevant part, that "[t]he parties also agreed that within the next 14-30 days, Durr will produce revised infringement contentions, and then, within a reasonable time after that, EFC will produce revised invalidity contentions." ECF No. 154-3 at 3. As EFC notes, "Durr's response to this email offered no rebuttal." ECF No. 154 at 7; *see also* ECF No. 154-3 at 2 (showing Durr's reply email as containing no mention of the infringement or invalidity contentions or respective deadlines for those submissions). EFC further contends that the parties' agreement by email contains no hard deadline for the submission of its amended invalidity contentions, nor any limit requiring EFC to amend based only on the Claim Construction Order.

In EFC's telling, this is "because no such limitations or deadlines were discussed." ECF No. 154 at 8.

By contrast, Durr submits an email from EFC, dated February 2, 2022, which states: "We still intend to serve our Advice of Counsel disclosure on [February] 7th and a supplement to our invalidity contentions later in the week." ECF No. 146-6 at 2. Durr argues that based on this communication, when EFC failed to amend its invalidity contentions in February, the "only logical and reasonable conclusion available to Durr was that EFC did not intend to amend after EFC's promised February 2022 deadline passed." ECF No. 161 at 11. Durr notes that there was "no communication after February 2022 where EFC even raised the idea of amending its contentions," despite several subsequent amendments to other parts of the Scheduling Order. *Id.*

In sum, taking both parties at their word, the Court finds that there was no firm agreement on the issue, as to the timing or content of the amended contentions. In the absence of an agreement, the Court turns to whether EFC's supplemental invalidity contentions are appropriate under the Court's local patent rules.

### B.  Good Cause

As noted above, in the absence of written consent of all parties, the Court examines whether there is good cause for permitting amendment to an infringement or invalidity contention. Loc. R. 804.6. Here, while the parties may have previously agreed to EFC's submission of supplemental invalidity contentions in February 2022, the Court assumes without deciding that Durr's prior consent may be retracted with respect to the May 2022 submission. *See* ECF No. 146-3 at 2 (showing June 2022 email from Durr to EFC stating that "Durr does not consent to an amendment at this point"). Thus, the Court will consider whether EFC has shown that the supplemental invalidity contentions should be permitted for good cause.

Good cause generally requires the moving party to demonstrate diligence. *Paice*, 2014 WL 3725652, at *3 (citing *O2 Micro*, 467 F.3d at 1366). Good cause may exist where a party promptly seeks leave to amend in light of "new information revealed during discovery." *Changzhou*, 112 F. Supp. 3d at 337. Additionally, "[t]he claim construction ruling may provide good cause for amendment because of the clarification made by the ruling." *Classen Immunotherapies, Inc. v. Biogen Idec*, No. CIV. WDQ-04-2607, 2013 WL 680379, at *5 (D. Md. Feb. 22, 2013). Finally, if good cause is established, courts will consider whether the opposing party is prejudiced by the filing of supplemental contentions. *See O2 Micro*, 467 F.3d at 1368; *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017).

Here, the Court finds that, while it is a close call, there is good cause, and EFC has demonstrated sufficient diligence, in light of the disputed scheduling agreement. *See also Keranos, LLC v. Silicon Storage Tech.*, Inc., No. 213CV00017RWSRSP, 2018 WL 574867, at *2 (E.D. Tex. Jan. 26, 2018), *objections overruled*, No. 213CV00017RWSRSP, 2018 WL 11446159 (E.D. Tex. Feb. 27, 2018) (noting that local patent rule "does not expressly require a showing of 'diligence,'" but rather "good cause," and that the "ordinary legal meaning of 'good cause' … is 'a legally sufficient reason'") (applying substantially similar local patent rule). Although disputed by Durr, EFC also makes a substantial showing that its amended contentions are either based on the Court's Claim Construction Order or required significant discovery. ECF No. 154 at 9–20. Further, the Court finds a lack of prejudice in this instance, where fact discovery was already set to close on Feb. 7, 2022—prior to or concurrent with the deadline for amended contentions, as Durr understood it—and no trial date has been scheduled. *C.f. Changzhou*, 112 F. Supp. 3d at 337 (excluding amended contentions submitted four months before trial date).

Thus, Plaintiff's Motion is denied. Nonetheless, Durr may request leave to conduct additional discovery if necessary to address Defendant's submission.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion is denied. A separate Order follows.


Date: <u>February 22, 2023</u>

\_\_\_\_/s/_____
GEORGE J. HAZEL
United States District Judge