IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DURR SYSTEMS, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-18-02597 |
| v. | * | |
| | * | |
| **EFC SYSTEMS, INC.,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this patent action, on February 22, 2023, United States District Judge George J. Hazel entered an order denying a motion filed by Plaintiff Durr Systems, Inc. ("Durr") to strike the supplemental invalidity contentions filed by Defendant EFC Systems, Inc. ("EFC"). ECF 167. The case was subsequently transferred to the undersigned, and Durr filed a motion for reconsideration of the interlocutory order. ECF 168. This Court has considered the motion, along with the related briefing. ECF 174, 175. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Durr's motion will be granted, the interlocutory order will be vacated, and Durr's earlier motion to strike EFC's supplemental invalidity contentions, ECF 146, will also be granted.

Judge Hazel's Order denying a motion to strike supplemental invalidity contentions is interlocutory, not final. *See* Fed. R. Civ. P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment"); *Mateti v. Activus Fin., LLC*, Civ. No. DKC 2008-0540, 2009 WL 3633339, at *4 (D. Md. Oct. 27, 2009) (considering a partial summary judgment order under Rule 54(b)). In this Court, motions for

reconsideration must be filed within fourteen days after the Court enters the order in question, and Durr's motion to reconsider was timely filed. *See* Loc. R. 105.10. (D. Md. 2021).

While the Fourth Circuit has not clarified the precise standard applicable to Rule 54(b) motions for reconsideration of an interlocutory order, *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), it has stated that such motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment" under Rules 59(e) and 60(b), *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)); *see Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991) (expressing "vigorous[] disagree[ment]" with a trial court's use of a Rule 60(b) standard in reconsidering its previous order on a Rule 12(b)(6) motion). However, courts in this District frequently look to the standards used to adjudicate Rule 59(e) or 60(b) motions for guidance when considering Rule 54(b) motions for reconsideration. *Carrero*, 310 F. Supp. 3d at 584; *Butler*, 307 F.R.D. at 449; *Cohens v. Md. Dep't of Human Res.*, 933 F. Supp. 2d 735, 741 (D. Md. 2013); *see also Fayetteville Investors*, 936 F.2d at 1470 (positively discussing a district court's reference, but not strict adherence, to the Rule 60(b) standards in reconsidering its prior ruling (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989))).

Rule 60(b) explicitly provides that a court may afford a party relief from a final judgment if one of the following is present: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) "any other reason that justifies relief." Ultimately, the decision to reconsider interlocutory orders rests in this Court's "broad discretion." *Am. Canoe Ass'n*, 326 F.3d at 515

(holding that a trial court's "otherwise broad discretion to reconsider interlocutory orders is narrowed in the context of motions to reconsider" subject matter jurisdiction issues).

Here, Durr argues that Judge Hazel's decision contained factual and legal errors and failed to explain the basis for his finding of "good cause" to permit EFC's amendment of the invalidity contentions. This Court agrees with Durr that Judge Hazel's relatively brief decision does not set forth a basis for a finding of good cause and disagrees with Judge Hazel's ultimate conclusion that good cause and diligence were shown. Moreover, this Court finds that Durr would suffer prejudice if the supplemental amended invalidity contentions were allowed.

Amendments to invalidity contentions may be made "upon written consent of all parties or, for good cause shown, upon leave of Court." Loc. R. 804.6. In this case, which was filed in 2018, EFC served its initial invalidity contentions on June 6, 2019. *See* ECF 31 at 2 (letter referring to the production). Judge Hazel issued his Claim Construction Order more than two years later, on November 8, 2021. ECF 129. The parties submitted a joint proposed scheduling order in which they stated, "Good faith exists to extend the schedule as proposed, for example, to permit the parties to supplement previous infringement and/or invalidity contentions ***necessitated by the Claim Construction Order***." ECF 134 at 1 (emphasis added). The scheduling order did not set forth specific deadlines for such supplementation.

The parties then met and conferred, and had an email exchange on November 12, 2021 in which they "agreed that within the next 14-30 days, Durr will produce revised infringement contentions, and then, within a reasonable time after that, EFC will produce revised invalidity contentions." ECF 154-3 at 3. On February 2, 2022, EFC stated in an email, "We still intend to serve our Advice of Counsel disclosure on [February] 7th and a supplement to our invalidity contentions later in the week." ECF 146-6 at 2. No such supplement was served in February and

no further mention was made of any intent to file amended invalidity contentions, despite the parties' subsequent agreed amendments to other portions of the scheduling order.

The scheduling order required the parties' opening expert disclosures on May 27, 2022. ECF 140. However, just hours before serving its opening expert disclosure, EFC served a "supplemental invalidity disclosure," consisting of 189 pages. ECF 146-7, 147. The supplemental disclosure deleted 19 existing defenses and modified or added 25 others. ECF 147 at 7-10; ECF 154-2 at 4-11. EFC's opening expert disclosure addressed the defenses in its newly served supplemental invalidity disclosure. Of course, Durr's opening expert disclosure could not address or consider those new invalidity contentions of which it was unaware, and only addressed the contentions in the original version (many of which were deleted in the "supplement").

Because the parties did not all provide written consent to EFC's amended invalidity contentions, they are permissible only if this Court finds "good cause" to allow the amendment. Loc. R. 804.6. As Judge Hazel explained:

> Good cause generally requires the moving party to demonstrate diligence. *Paice*, 2014 WL 3725652, at *3 (citing *O2 Micro,* 467 F.3d at 1366). Good cause may exist where a party promptly seeks leave to amend in light of "new information revealed during discovery." *Changzhou,* 112 F. Supp. 3d at 337. Additionally, "[t]he claim construction ruling may provide good cause for amendment because of the clarification made by the ruling." *Classen Immunotherapies, Inc. v. Biogen Idec.,* No CIV. WDQ-04-2607, 2013 WL 680379, at *5 (D. Md. Feb. 22, 2013).

ECF 166 at 7.

While Judge Hazel determined it was a "close call," he found that EFC demonstrated sufficient diligence "in light of the disputed scheduling agreement." *Id.* In this Court's view, however, the fact that the parties had no firm agreed deadlines does not mean that any amount of delay still constitutes diligence, particularly in a case of this age. The appropriate question is whether EFC took prompt action. Here, EFC had the Court's claim construction opinion in early

4

November, 2021. It took no action to amend its invalidity contentions for more than six months. And EFC concedes that the depositions it cites as grounds to amend its invalidity contentions occurred between December, 2021 and February, 2022. ECF 154 at 12. It took no action to amend its invalidity contentions (and did not make either Durr or this Court aware of its intent to amend them) for three to five months. Such action cannot be deemed "prompt." Further, the fact that EFC's experts were able to incorporate the amended invalidity contentions into their initial reports suggests that EFC was well-aware that it would be filing amendments before it did so. Such intentionally delayed action is the antithesis of diligence. In fact, this Court is troubled by the fact that the amendment was served on the same date as the deadline for initial expert disclosures, which suggests some degree of trying to obtain a tactical advantage over the opposing party. While this Court accepts the premise that EFC seeks to amend on the basis of the claim construction opinion and information it gleaned through depositions, it simply cannot conclude that EFC diligently took action. Thus, it finds no good cause for the amendment.

In addition, there would be obvious prejudice to Durr if the amendment were allowed. Although no trial date is yet scheduled, prolonging litigation fast approaching its fifth birthday is not a consequence-free proposition. EFC did not notify Durr of its intent to amend its invalidity contentions between February and May, 2022, instead simply allowing the deadline by which it had promised any amendment to expire without further comment. Durr therefore allowed its expert to prepare an initial report premised on EFC's original contentions. It is of course true that this Court could set a new set of deadlines so that Durr could retain its expert to prepare a new initial report and conduct whatever initial discovery it needs to address the new contentions. But the purpose of setting deadlines is to allow litigation to proceed in an efficient manner for the litigants

and the Court. Allowing a litigant that failed to act diligently to set years-old litigation several steps back runs contrary to that goal.

Accordingly, for the reasons stated above, Durr's motion for reconsideration, ECF 168, will be GRANTED, the Order at ECF 167 will be VACATED, and Durr's motion to strike EFC's supplemental invalidity contentions, ECF 146, will be GRANTED. This Court will set a scheduling conference by separate order to determine how the case should proceed and to set an appropriate schedule. A separate Order follows.


Dated: June 6, 2023                                         /s/
                                              Stephanie A. Gallagher
                                              United States District Judge