IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DURR SYSTEMS, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-18-02597 |
| v. | * | |
| | * | |
| **EFC SYSTEMS, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Court entered a memorandum opinion and order on June 6, 2023, in which it granted reconsideration of an order issued earlier this year by United States District Judge George J. Hazel in this patent action. ECF 178, 179. Defendant EFC Systems, Inc. ("EFC") has now filed a motion for reconsideration of this Court's order granting reconsideration. ECF 181. Plaintiff Durr Systems, Inc. ("Durr") filed an opposition, ECF 189, and EFC filed a reply, ECF 190. The parties also filed supplemental briefs regarding alternative proposals made by EFC. ECF 192, 193. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, EFC's motion for reconsideration of the reconsideration order will be denied.

The law governing motions for reconsideration was summarized in this Court's June 6, 2023, opinion and is incorporated by reference herein. Having reviewed the parties' submissions, this Court does not find that the standard for reconsideration has been met. This Court understands that EFC disagrees with its assessment of prejudice and believes Durr acted less than diligently at different points in the litigation. But the question that this Court had to decide was whether EFC showed good cause for its belated amendment. It did not, for the reasons that this Court described in its June 6, 2023, opinion. Even if Durr did not suffer prejudice because it had notice of EFC's

theories in the original contentions, EFC did not diligently amend its contentions when it attempted to supplement those theories. And no matter the delay that Durr might have caused during discovery, EFC did not diligently amend its contentions in response to such delay. This Court therefore declines the invitation to reconsider its reconsideration ruling.[1]

Alternatively, EFC seeks to file amended expert reports "to eliminate certain written description, enablement, and indefiniteness arguments, and to adjust the reference combinations in their discussions of anticipation and obviousness." ECF 190 at 14. To the extent EFC wants to delete information from its expert reports, it is free to do so on or before September 22, 2023. To the extent EFC proposes to make new arguments or to recombine its references in support of its claims, it will not be allowed to amend its expert reports belatedly in those ways. *See Changzhou Kaidi Elec. Co. v. Okin Am., Inc.,* 112 F. Supp. 3d 330, 334 (D. Md. 2015) (finding that Local Rule 804.1(c) requires disclosure of combinations, not just references).

For the reasons stated above, EFC's motion for reconsideration, ECF 181, will be DENIED. The parties are directed to confer and to propose an aggressive scheduling order for this case to proceed expeditiously towards disposition, given its advanced age. The joint proposed scheduling Order should be filed on or before September 22, 2023. A separate Order follows.

Dated: September 8, 2023                             /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge

---

[1] In its reply, ECF proposes to strike certain portions of the supplemental contentions that this Court excluded in their entirety. ECF 190. Durr still opposes that alternative proposal, and upon review, this Court still does not find good cause for even the more limited amendment ECF now proposes.